# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARTY SCOTT FITZGERALD,

    Plaintiff(s),

v.

LISA WALSH, et al.,

    Defendant(s).

Case No.: 2:19-cv-01818-RFB-NJK

**ORDER**

On January 14, 2021, the Court received mail returned as undeliverable to Plaintiff. Docket No. 9. Hence, it appears that Plaintiff has not fulfilled his obligation to apprise the Court of any change of address. *See* Local Rule IA 3-1. The Court's standard practice in such a situation is to order the plaintiff to file a notice of change of address on pain of dismissal for failing to do so. *See id.*

In this case, however, a staff-person in the Clerk's Office received an email from a staff-person in the Attorney General's Office indicating that Plaintiff is now incarcerated at the Northern Nevada Correctional Center. The Court has no doubt that the staff-person at the Attorney General's Office was well-intentioned in apprising the Clerk's Office of this situation as a means to facilitate the inmate early mediation process. Nonetheless, a well-functioning judicial system involves the rendering of decisions based on the record in the case rather than *ex parte* communications from litigants. That is particularly true when the substance of the communication could potentially lead to dismissal of the case. *See* Local Rule IA 3-1.[1]

---

[1] *Ex parte* communications with the Clerk's Office should be limited to scheduling and other non-substantive matters. *See* Local Rule IA 7-2. Apprising the Clerk's Office of an opposing party's failure to update his address does not, in the undersigned's view, fall within the scope of allowable *ex parte* communications given the potentially case-dispositive ramifications for such a failure.

1

As noted above, the Court's standard practice upon receiving undeliverable mail sent to a plaintiff is to require that plaintiff to file a notice of change of address. Nonetheless, now that the Court has been made privy to that information in this case, it will not act as if it remains ignorant of Plaintiff's current whereabouts. *Cf. Dept. of Commerce v. N.Y.*, ___ U.S. ____, 139 S.Ct. 2551, 2576 (2019) (judges are not required to proceed with naiveté).

Given these unusual circumstances, the Court **ORDERS** the Attorney General's Office to file on the docket, no later than January 29, 2021, a notice providing the contact information it has for Plaintiff at NNCC.

IT IS SO ORDERED.

Dated: January 22, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

2