UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTY SCOTT FITZGERALD,<br><br>      Plaintiff,<br><br> v.<br><br>LISA WALSH, *et al.*,<br><br>      Defendants. | Case No.  2:19-cv-01818-RFB-NJK<br><br>**<u>ORDER</u>** |

**I. SUMMARY**

  Plaintiff, pro se, initiated this action in October 2019. (ECF No. 1). In March 2020, Plaintiff filed a change of address notice with the Court. (ECF No. 3). In November 2020, Plaintiff filed a change of address notice with the Court demonstrating that Plaintiff was no longer incarcerated. (ECF No. 4). That month, the Court issued a screening order. (ECF No. 5). After attempting to schedule a mediation conference with Plaintiff, the Court received mail returned as undeliverable for Plaintiff in January 2021. (ECF Nos. 8, 9). On January 22, 2021, the Court issued an order directing the Office of the Attorney General to file on the docket a notice providing the contact information it had for Plaintiff at the Northern Nevada Correctional Center ("NNCC") because Plaintiff was back in custody. (ECF No. 10). The Office of the Attorney General complied, and the Court scheduled the inmate early mediation conference. (ECF Nos. 11, 12).

  On February 1, 2021, Plaintiff filed a notice of the change of address informing the Court that he was at NNCC. (ECF No. 14). On February 26, 2021, after attempting to send Plaintiff a document, the Court received a notice that Plaintiff had been paroled. (ECF No. 15, 16). On February 26, 2021, the Court directed Plaintiff to file a notice of change of address by March 12, 2021, or risk dismissal of his case. (ECF No. 17). In March and April 2021, the Court continued to receive mail returned as undeliverable because Plaintiff had been paroled. (ECF Nos. 19, 21).

  On April 7, 2021, the Court dismissed the case without prejudice for failure to file an updated address in compliance with the February 26, 2021 order. (ECF No. 24 at 2). The Court

noted that Plaintiff could "move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order. In this motion, the Plaintiff would need to explain [the] circumstances which led to him not being able to update his address as directed by the Court. If the Court finds there is good cause or a reasonable explanation for the failure to update the address, the Court will reopen the case and vacate the judgment." (Id. at 2-3). The Clerk of the Court closed the case and entered judgment. (ECF No. 25).

On April 23, 2021, Plaintiff filed a change of address indicating that he was back at NNCC. (ECF No. 26). On May 26, 2021, Plaintiff filed a motion for continuance (ECF No. 27) and a motion for copies from the last 90 days (ECF No. 28).

In the motion for continuance, Plaintiff states that he seeks a five-to-six-month continuance of his case because he is back in prison and has been separated from his papers for 90 days. (ECF No. 27 at 1). Plaintiff also has "no way to contact attorneys" and has been "in and out of psychiatric hospitals and hospitals and transitional housing for [the] past 6 months." (Id.) He did not receive his mail at 655 W. Fourth Street in Reno due to mail theft. (Id.) Plaintiff has not received any correspondence from the Court for the past 90 days. (Id.) Defendants filed a response (ECF No. 29) and Plaintiff filed a reply (ECF No. 31).

In his motion for copies, Plaintiff seeks a copy of everything filed in the last 90 days, a timeline, or the cost to get copies from the court. (ECF No. 28 at 1).

II.     DISCUSSION

The Court construes Plaintiff's motion for a continuance (ECF No. 27) as a request for the Court to set aside its judgment dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 60(b)(1). This rule provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court interpreted "neglect" to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id*. at 388. In assessing whether a set-side is justified by a party's excusable neglect, courts apply a four-part test: (1) the danger of prejudice

to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id*. at 395.

### A.    Prejudice to the Defendant

To be prejudicial, the "standard is whether [Defendants'] ability to pursue [their defenses] will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The loss of a quick victory does not constitute prejudice. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

The Court finds that this factor weighs in favor of setting aside its prior judgment. Although the Court screened the case, Defendants have not been served yet because this case was referred to the Inmate Early Mediation Program.

### B.    Length of the Delay

Next, the Court considers whether Plaintiff's neglect caused significant delay and its impact on the proceedings. *Pioneer*, 507 U.S. at 395. The Court finds that this factor weighs in favor of setting aside judgment. Only two months had elapsed before Plaintiff responded to this Court's February 26, 2021 order directing him to update his address. Soon after, he provided an explanation for the delay. (*See* ECF Nos. 17, 26, 27).

### C.    Reason for the Delay

When assessing the reason for the delay, the Supreme Court interprets Congress's intent as permitting courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. Delays in filing resulting from "negligence and carelessness," not "deviousness or willfulness," may be considered excusable neglect. *Bateman*, 231 F.3d at 1225.

The Court finds that Plaintiff has demonstrated excusable neglect. Plaintiff explains that he has been "in and out of psychiatric hospitals and…transitional housing for the past 6 months"

and has therefore been "separated from all papers related to this case" and without a stable address. ECF No. 27. The Court finds that this demonstrates excusable neglect in this case.

### D. Bad Faith

For the last factor, the Court examines whether Plaintiff acted in bad faith when he failed to respond to the Court's orders and meet its deadlines. There is no evidence to suggest that Plaintiff acted in bad faith. His time in and out of the hospital and without a stable address explain why he had difficulty in updating his address with the Court.

After considering all four of the *Pioneer* factors, the Court finds that the factors weigh in favor setting aside judgment. The Court grants the motion to set aside judgment (ECF No. 27).

### E. Motion for Copies

The Court grants the Plaintiff's motion for copies on the basis that Plaintiff has indicated that he was separated from his copies of the papers in this case (ECF No. 28). The Court will direct the Clerk of the Court to send Plaintiff a courtesy copy of the docket sheet and a copy of all the documents filed after February 1, 2021 and until and including April 23, 2021. but will not send Plaintiff a copy of every document filed in the 90 days preceding 5/26/2021. If Plaintiff seeks copies, he should note that there is a per page charge for copy work. Copies produced from an electronic format (CM/ECF) are $.10 per page; copies produced from a physical format are $.50 per page.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the Court construes the motion for continuance (ECF No. 27) as a motion to set aside judgment. The Court grants the motion to set aside judgment (ECF No 27).

IT IS FURTHER ORDERED that the motion for copies (ECF No. 28) is granted consistent with the above order. The Clerk of the Court is directed to send Plaintiff a courtesy copy of the docket sheet and a copy of all the documents filed after February 1, 2021 and until and including April 23, 2021.

IT IS FURTHER ORDERED that given the nature of the claim(s) that the Court has permitted to proceed in its screening order, ECF No. 5, this action is stayed for 90 days to allow

Plaintiff and Defendant(s) an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General will file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

IT IS FURTHER ORDERED that "settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

IT IS FURTHER ORDERED that if the case does not settle, Plaintiff will be required to pay the full $350.00 statutory filing fee for a civil action. This fee cannot be waived, and the fee cannot be refunded once the Court enters an order granting Plaintiff's application to proceed *in forma pauperis*. If Plaintiff is allowed to proceed *in forma pauperis*, the fee will be paid in installments from his prison trust account. *See* 28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed *in forma pauperis*, the full $350 statutory filing fee for a civil action plus the $52 administrative filing fee, for a total of $402, will be due immediately.

IT IS FURTHER ORDERED that if any party seeks to have this case excluded from the inmate mediation program, that party will file a "motion to exclude case from mediation" no later than 21 days prior to the date set for mediation. The responding party will have 7 days to file a response. No reply will be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

1  IT IS FURTHER ORDERED that if Plaintiff needs a translator to participate in the
2 mediation program, Plaintiff will file a notice identifying the translation language and the need for
3 the translator within 30 days from the date of this order.
4  DATED this <u>3rd</u> day of February, 2022.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARTY SCOTT FITZGERALD,<br><br>                              Plaintiff<br><br>     v.<br><br>LISA WALSH et al.,<br><br>                              Defendants | Case No. 2:19-cv-01818-RFB-NJK<br><br>REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL WILL FILE THIS FORM. THE INMATE PLAINTIFF WILL NOT FILE THIS FORM.**

     On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed.  The Court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay.  By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.**  [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

  ____   A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

  ____   A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

  ____   No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case.  (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

  ____   No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

    \_\_\_\_ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

    \_\_\_\_ None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

    \_\_\_\_ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

    \_\_\_\_ The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

    \_\_\_\_ The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

    \_\_\_\_ None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, \_\_\_\_\_ by:

Attorney Name: _____    _____
                              Print                              Signature

Address: _____    Phone: _____

_____    Email: _____